UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOUSSTINE MARIO BARRANTES MONTIEL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-07175-JLT-FJS

A-Number: 249-155-707

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Jousstine Mario Barrantes Montiel is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Nicaragua. He entered the United States without inspection in December 2023, when he was encountered by U.S. Border Patrol near the Rio Grande Valley, Texas. (Doc. 1 at ¶ 4; Doc. 6-1 at 2.) Petitioner was processed for expedited removal with credible fear and was released on parole into the United States. (*Id.*)

Petitioner has the following criminal history in the United States: arrested on May 15, 2019 for domestic battery (Cal. PC § 243(e)(1); deposition: charges dropped for lack of evidence); arrested June 10, 2025 for inflicting corporal injury on a spouse or cohabitant (Cal. PC § 273.5(A); disposition: convicted), assault by means of force likely to produce great bodily injury (Cal. PC § 245(A)(4); disposition: dismissed/furtherance of justice), false imprisonment (Cal. PC § 236); disposition: convicted), and DUI alcohol/ 0.08 percent (Cal. VC § 23152(B); disposition: convicted). (*See* Doc. 6-2, FBI "RAP" Sheet.) On January 5, 2026, Petitioner was sentenced to tine served, 40 hours of community service, alcohol and drug classes, domestic violence classes, and monthly county probation. (Doc. 1 at ¶ 13.) That same day, Petitioner was transferred into ICE custody pursuant to a referral from the Stanislaus County Sherriff's Office and charged as removable pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 6-1 at 3.) Petitioner was subsequently transferred to the California City Detention Facility in California City, California, where he remains. (Doc. 1 at ¶ 15.)

On September 8, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1 at 7.) On September 10, 2026, Respondents filed a response to the petition, in which they argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1), notwithstanding the fact that Petitioner's removal proceedings pursuant to 8 U.S.C. § 1229a remain pending and he has not been placed in expedited removal. (*See* Doc. 6.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

///

## III. DISCUSSION

Respondents' argue that, despite being paroled into the United States in 2023, Petitioner was never admitted into the United States and thus is an "applicant for admission" under § 1225(a)(1) and is therefore subject to mandatory detention under 8 USC § 1225(b)(1)(B)(ii). (Doc. 6 at 1.) This Court has rejected such an argument on numerous occasions. *See Maklad v. Murray*, No. 1:25-CV-00946 JLT SAB, 2025 WL 2299376 (E.D. Cal. Aug. 8, 2025); *Castellon v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425 (E.D. Cal. Aug. 14, 2025); *Garcia v. Andrews*, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025). Furthermore, Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a) governs Petitioner's detention. Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing.

However, that is not the end of the inquiry. This Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on the serious nature and recency of Petitioner's criminal convictions. Thus, Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge

should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE